UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SESALIE RED OWL and TRP, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>MIKE CARLOW, Superintendent, and MARK WEISS, Teacher,<br><br>Defendants. | CIV. 18-5073-JLV<br><br>ORDER |

Plaintiff Sesalie Red Owl, individually and on behalf of her minor son, TRP, appearing *pro se*, filed a petition against the defendants in Oglala Sioux Tribal Court. (Docket 1-1). Defendants appearing through Assistant United States Attorney SaraBeth Donovan filed a notice of removal of action pursuant to 28 U.S.C. § 1442. (Docket 1). The United States filed a motion and supporting brief to substitute the United States as a proper defendant for the individual defendants and filed a motion and supporting brief asking the court to dismiss plaintiffs' case. (Dockets 4-7).

While the court recognizes Ms. Red Owl's *pro se* status, "[e]ven pro se litigants must comply with court rules and directives." Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005). The local rules (civil) of the district court are available on the court's website, https://www.sdd.uscourts.gov, under the tab "Pro Se Litigants." Ms. Red Owl is expected to comply with the court's local rules, as well as the Federal Rules of Civil Procedure. Accordingly, it is

ORDERED that Ms. Red Owl has an obligation to file a response, with citation to legal authorities, if she opposes the government's motion for substitution and motion to dismiss. See Dockets 4 & 7. Ms. Red Owl's response must be filed with the court and served on the government's attorney by U.S. mail on or before **February 28, 2019**. See D.S.D. Civ. LR 7.1(B).

IT IS FURTHER ORDERED that Ms. Red Owl shall serve upon defendants' attorney, SaraBeth Donovan, Assistant United States Attorney, 515 Ninth Street, Suite 201, Rapid City, SD 57701, a copy of every further pleading or other document submitted for consideration by the court. Ms. Red Owl shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants' counsel. Any paper received by the court which has not been filed with the Clerk of Court or which fails to include a certificate of service will be disregarded by the court.

NOTICE IS FURTHER GIVEN that "[a] district court has discretion to dismiss an action under [Fed. R. Civ. P. 41(b)] for a plaintiff's failure to prosecute, or to comply with Federal Rules of Civil Procedure or any court order." Henderson v. Renaissance Grand Hotel, 267 Fed. App'x 496, 497 (8th Cir. 2008) (citations omitted); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (holding a district court may dismiss an action under Rule 41(b) on its own initiative and "without affording notice of its intention to do so or providing an adversary hearing before acting[,]" and recognizing a district court

has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases[]").

Dated January 14, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE